UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IVAN FAUSTINO PEREZ,

       Petitioner,

    v.                                                    Case No.:  2:26-cv-01389-SPC-NPM

WARDEN OF FLORIDA SOFT
SIDE SOUTH DETENTION
FACILITY *et al.*,

       Respondents,

                               /

## **OPINION AND ORDER**

Before the Court are petitioner Ivan Faustino Perez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8) and supplement (Doc. 9), and Faustino Perez's reply (Doc. 10).  For the below reasons, the Court grants the petition.

Faustino Perez is a native of Cuba who was paroled into the United States on June 1, 1995.  He has a U.S. citizen wife and adult U.S. citizen children.  An immigration judge ordered Faustino Perez removed to Cuba on August 11, 2014, following a state drug conviction.  On September 1, 2016, Immigration and Customs Enforcement ("ICE") released Faustino Perez under an order of supervision.  He has complied with all conditions of the order.  On October 31, 2025, Faustino Perez reported to ICE for a check-in appointment. ICE revoked his release and detained him at Alligator Alcatraz.  ICE

transported Faustino Perez to a facility near the Texas-Mexico border and scheduled him for removal to Mexico on April 3, 2026.  He refused to depart the pod, and ICE brought him back to Alligator Alcatraz.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government acknowledges the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Faustino Perez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him to Cuba in 2016, and there is no indication Cuba is likely to accept him now.

The burden thus shifts to the government. ICE points to its April 2026 attempt to send Faustino Perez to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country

removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture).  ICE makes no attempt to show it can lawfully remove Faustino Perez in the reasonably foreseeable future.

The Court finds no significant likelihood Faustino Perez will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Faustino Perez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby **ORDERED:**

Ivan Faustino Perez Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Faustino Perez within 24 hours of this Order and facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record